# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

KELLY MORTON AND
CHRISTOPHER MORTON,
    *Plaintiffs*,

v.

ARNITRICE GRIFFIN,
    *Defendant*.

No. 3:19-cv-1365 (JAM)

## ORDER REMANDING ACTION TO STATE COURT

Facing state court eviction proceedings, defendant Arnitrice Griffin has filed a notice of removal seeking to litigate this action in federal court. Griffin alleges that federal jurisdiction exists because her eviction violates federal law and also because there is diversity jurisdiction. I do not agree. Because there is no proper basis for federal jurisdiction, I will remand the action forthwith to Connecticut state court.

### BACKGROUND

On August 2, 2019, plaintiffs Kelly and Christopher Morton filed a summary process eviction claim pursuant to Connecticut law against defendant Griffin in state court. *See Morton v. Griffin*, DBD-CV19-6032774-S, #100.31 (Conn. Super. 2019). Griffin filed an answer in state court that same month, asserting eight "special defenses" pursuant to the U.S. Constitution and various federal (as well as state) laws, which relate to her participation in the federal housing assistance program (commonly known as Section 8) and which involve allegations that plaintiffs "are in violation of both federal and state housing [laws].…" *Id*., #104.00 at 12, 12-43.

1

On September 3, 2019, Griffin filed a notice of removal to this Court. Doc. #1; *see also* Doc. #7 (amended notice of removal).[1] According to Griffin, the Court has federal jurisdiction because her "civil action is founded on numerous claims and rights arising under the laws of the United States…." Doc. #7 at 2; *see also e.g.*, Doc. #16 at 1-2 (alleging that her "Civil Rights are protected under Numerous United States Constitution Laws and Federal Law, which the Federal District Court has ORIGINAL jurisdiction over the Numerous Federal Questions, which was [*sic*] pleaded in the Defendant's Amended Notice of Removal dated September 9, 2019…."). Reciting largely the same—and indeed, more—"special defenses" that she included in her state court filings, *see Morton v. Griffin*, DBD-CV19-6032774-S, #100.31 at 12-43, #118, Griffin also claims that this case falls within this Court's jurisdiction because it involves a "Civil Conspiracy" between the "Danbury Housing Authority" and the "State of Connecticut Contractor," both of which are involved with federal housing programs. Doc. #7 at 30-83, 2-3; Doc. #16-1 at 1-3. As exhibits, Griffin attaches several of her state court filings. *See, e.g.*, Doc. #7-2; 7-3.

On September 6, I entered an order for Griffin to show cause why this case should not be remanded to state court for lack of federal jurisdiction. Doc. #6. Griffin has since filed an amended notice of removal, Doc. #7, as well as a simultaneous motion for extension of time and response purporting to show cause, Docs. #15, 16. Both were filed four days after this Court's deadline. *Ibid*. Although I will ultimately deny the motion as moot, in light of Griffin's *pro se*

---

[1] The state court docket shows that the Mortons' complaint was filed on August 2, 2019 and the return of service was rendered on the same day. *Morton v. Griffin*, DBD-CV19-6032774-S, #100.34. Griffin filed her notice of removal in this Court on September 3, 2019. Doc. #1. Regardless of the grounds asserted for federal jurisdiction, a defendant who seeks to remove a complaint to federal court has a limited time to do so. "Ordinarily, a defendant must file a notice of removal to federal court within 30 days of its receipt of the initial summons or complaint." *Bank of New York v. Stacey*, 2017 WL 384025, at *1 (D. Conn. 2017) (citing 28 U.S.C. § 1446(b)(1)). Despite the fact that Griffin filed her notice of removal after the 30-day period had passed, I will afford her submissions certain solicitude in light of her *pro se* status. *Cf. Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

status and the lack of any resulting prejudice to the Mortons, I will grant Griffin the benefit of considering her most recent filings. Docs. #16, 17.

## DISCUSSION

Congress by law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for a federal court's jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332.

It is evident to me that this case does not qualify for federal question jurisdiction because it does not arise under federal law. "A suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) (internal quotations omitted). The Supreme Court has "long held that '[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citations omitted). Under the well-pleaded complaint rule, the fact that a defendant may interpose federal law as a defense to a state law cause of action does *not* give rise to federal-question jurisdiction. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392-93 (1987).

The Mortons' complaint against Griffin in state court is thus the focal point for my inquiry. Based on a review of the publicly available state court docket and filings, the Mortons' complaint against Griffin alleges claims arising solely under state law.[2] *See Morton v. Griffin*,

---
[2] Griffin also attaches the state court complaint and docket as exhibits to her submissions to this Court. *See* Doc. #7-3 at 9; Doc. #16 at 24.

DBD-CV19-6032774-S, #100.31 (alleging breach of lease, non-payment of rent, and possession by one who has no right to occupy the premises). Notwithstanding Griffin's allegations that the apartment rental involves the federal Section 8 program, as well as her conclusory assertions that plaintiffs have violated various federal laws, it appears that there is no basis for federal removal jurisdiction because the underlying state court complaint does not present any federal claims on its face. *Ibid.*; *see also Bank of New York v. Stacey,* 2017 WL 384025, at *2 (D. Conn. 2017) (remanding action to state court after determining that the state court summary process eviction action arose solely under state law); *Bank of Am., N.A. v. Derisme*, 2019 WL 156936, at *1 (D. Conn. 2019) (remanding state court foreclosure action that was improperly removed to federal court in the absence of any basis for federal court jurisdiction).

The fact that Griffin wishes to assert federal law defenses to a state court eviction action does not allow her to remove her case from state court to federal court. "[A] case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983); *see also Stacey*, 2017 WL 384025, at *2; *Bank of Am. Nat. Ass'n v. Derisme*, 743 F. Supp. 2d 93, 102 (D. Conn. 2010).

Nor can Griffin's removal be supported by diversity jurisdiction. The parties do not appear to be citizens of different states. In her filings in this Court, Griffin makes no allegation to suggest that she is a citizen of a different state than plaintiffs. *See, e.g.*, Doc. #16-1 at 2 (Griffin's latest filing, in which she discusses the amount-in-controversy requirement to invoke diversity jurisdiction but makes no mention of citizenship). The Mortons' state law complaint alleges nothing that would refute this conclusion. *See Morton v. Griffin*, DBD-CV19-6032774-S,

#100.31. Furthermore, although Griffin asserts that $111,825 is at issue, *see* Doc. #16-1 at 2, that figure appears nowhere in the Mortons' state court complaint. *See Morton v. Griffin*, DBD-CV19-6032774-S, #100.31 at 3 (alleging failure to pay security deposit in the amount of $3,550.00); *id*. at 3, Exhibit A (Count 2 for non-payment of rent for June 2019 in the amount of $1,775.00). In the absence of complete diversity of citizenship, and without more than $75,000 in controversy, Griffin's removal cannot fall within this Court's diversity jurisdiction.

I will remand the case for lack of federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

Because the Court lacks federal jurisdiction over this case, the Court forthwith REMANDS this action back to the Connecticut Superior Court, Judicial District of Danbury. The Clerk of Court shall forthwith remand and close this case.

It is so ordered.

Dated at New Haven this 25th day of September 2019.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge